**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **SYLVESTOR BEVELOT,** | ) |
| and | )    No.  05-36051 |
| **KATHLEEN BEVELOT,** | ) |
| | ) |
| Debtors. | ) |

**O P I N I O N**

This Chapter 13 case is before the Court on the Motion for Hardship Discharge on behalf of

Sylvestor Bevelot and Kathleen Bevelot (Debtors) and the Motion to Dismiss Case filed by the

Chapter 13 Trustee (Trustee).  On May 23, 2007, this case was consolidated for hearing purposes

only with *In re Perkins*, Case No. 04-32156[1] and the parties were granted time to file briefs.  The

matter was taken under advisement.

The named Debtors filed their Chapter 13 petition on October 13, 2005, and the plan was

confirmed on December 19, 2005.  The Debtors' plan provided for a duration of 36 months and a

base of $3,060, of which $1,335 has been paid to the Trustee.  Kathleen passed away in July, 2006,

and Sylvester passed away in January, 2007.  The Motion for Hardship Discharge was filed on

February 26, 2007, and Trustee filed an objection to the motion and his Motion to Dismiss Case on

March 2, 2007.

In *In re Perkins*, Case No. 04-32156, this Court ruled that where a Chapter 13 debtor dies

while the Chapter 13 case is pending that the Chapter 13 case can proceed and the debtor can receive

a discharge.  Those conclusions are likewise applicable to this case.  This case takes this one step

farther and raises the issue of whether a hardship discharge can be granted under § 1328.

The Motion for Hardship Discharge was filed pursuant to § 1328(b), which requires: (1) the

---

[1]A separate opinion and order will be entered.

debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable; (2) the value . . . of property actually distributed . . . is not less than the amount that would  have been paid . . . under chapter 7 . . . ; (3) modification of the plan under section 1329 of this title is not practicable.   11 U.S.C. § 1328(b).   The Motion for Hardship Discharge alleged that the three conditions have been met and the Trustee concedes as much in his Brief in Support of Motion to Dismiss and Objection to Motion for Hardship Discharge stating, "[t]hough the three elements contained in the statute for hardship discharge may be met, the insurmountable problem is to whom the Court would grant a discharge."   As both parties agree that the three elements for a discharge under § 1328(b) have been met, there is no need for the Court to analyze that section further.

The Trustee's sole argument against the granting of a hardship discharge is that the Court cannot grant a hardship discharge, or indeed any discharge, when the debtor is deceased because there is no debtor to whom the discharge would be granted.   However, Bankruptcy Rule 1016 specifically states "the case may proceed and be concluded, so far as possible, as though the death or incompetency had not occurred."   Clearly, the rule contemplates that a discharge could be granted in a case where the debtor is deceased because it allows for a case to be "concluded" as though the death had not occurred.   Since a hardship discharge is available as a conclusion to a Chapter 13 case when death has not occurred, then it is available in a case where the debtor is deceased.   Other courts have not only found that a hardship discharge is available, but at least one has determined that under these facts it is the only reasonable alternative.   *See In re Bond*, 36 B.R. 49, 51 (Bankr.E.D.N.C. 1984), *In re Graham*, 63 B.R. 95, 96 (Bankr.E.D.Pa. 1986) (concluding that, if administration of the Chapter 13 case continues notwithstanding the death of the debtor,  the only feasible recourse is the

filing of a motion for a hardship discharge).

As to the Trustee's argument that because the Debtors are deceased there is no debtor to whom the court can grant a discharge, this Court's opinion in *In re Perkins* is controlling in this case.    For the foregoing reasons, the Court finds that further administration is both possible and in the best interest of the parties and that the conditions for a discharge under 11 U.S.C. § 1328(b) are met.  This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

ENTERED: November 21, 2007

         /s/ William V. Altenberger
         UNITED STATES BANKRUPTCY JUDGE